UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| STEVE CLARK, | ) | CASE NO. 4:05 CV 2171 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 14, 2005, <u>pro se</u> petitioner Steve Clark filed the above-captioned "Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Rule 11(d) Motion and Rule 32(d) Motion" against the United States of America. Mr. Clark, who is in prison at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), is seeking to withdraw his guilty plea "to correct manifest injustice." For the reasons set forth below, this action is dismissed pursuant to 28 U.S.C. § 2243.

*Background*

Mr. Clark states that he was a passenger in a car on November 6, 1996 when a policeman signaled the driver to pull the car to the side of the road. Before the police approached

the car, two firearms and six ounces of crack cocaine were thrown from the vehicle. Mr. Clark and the driver were subsequently indicted as co-defendants for possession with intent to distribute cocaine in violation of 21 U.S.C. §841, and use of a firearm in violation of 18 U.S.C. § 924.[1]

Mr. Clark pled guilty to one count of violating 21 U.S.C. § 841 and use of a firearm. The court sentenced him to 248 months in prison. His attorney appealed his conviction, which was affirmed by the Court of Appeals.

In his petition before this court, Mr. Clark concedes that he was in possession of a firearm on the day he was arrested. He maintains, however, that he was unaware of the fact that the driver of the car possessed six ounces of drugs. Although he entered a guilty plea to the charge, he now maintains that it was not voluntary or intelligent because he was ill-advised by his attorney. He claims that it was his attorney's incompetence that resulted in him being misled and that he can prove that his attorney was working with the government in a manner that adversely affected his best interests. Relying on the district court's opinion in United States v. Shillitani, 16 F.R.D. 336 (NY 1956), the petitioner asserts that when an accused can show "collusion and theat [sic] the plea was entered as a result of ignorance, fear, mistake, misapprehension, and fraud" he is entitled to withdraw his guilty plea.

Based on these facts, petitioner believes that he is actually innocent of the crime to which he entered a guilty plea. At the time he entered his plea he claims he was not aware that he could testify on his own behalf if he proceeded to trial. Now that he is aware of this fact he believes that own testimony and the testimony of witnesses can prove to the court that he is actually and

---

[1]The court presumes that Mr. Clark's claim that he was indicted for violating "28 U.S.C. § 841" is a typographical error because that statute does not exist. However, "21 U.S.C. § 841" does apply to the illegal possession of a controlled substance.

factually innocent. Moreover, he argues that Federal Criminal Rule 11(d) also allows a prisoner to withdraw his guilty plea and set aside his conviction in order to correct a manifest injustice. In this instance, he proffers that was it not for his attorney's "gross misadvice [sic], neglect of advising, misrepresentation, and total ineffective assistance of counsel he would not have pled guilty to the possession of drugs with intent to distribute." (Pet. at 7.) He claims that his attorney's errors "in this instant case sustain constitutional ineffective assistance of counsel, . . . give cause to excuse any procedural defaults." (Pet. at 7).

*Federal Habeas Corpus Petitions*
*28 U.S.C. §2241*

Before the court can address the merits of the petition before it, the question of whether petitioner's claim is properly raised in a § 2241 habeas petition must first be determined. Generally, if a petitioner seeks to challenge the execution of his sentence, he may file a § 2241 petition in the district court having jurisdiction over his custodian. United States v. Peterman, 249 F.3d 458, 461 (6th Cir.), cert. denied, --- U.S. ----, 122 S.Ct. 493 (2001). But where, as here, a federal prisoner seeks to challenge the imposition of his sentence, on grounds that the sentence was imposed "in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he generally must file a § 2255 motion to vacate, set aside or correct sentence in the sentencing court. See 28 U.S.C. § 2255; Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998).

There is no allegation that this court imposed Mr. Clark's sentence, and this court is precluded from construing this as a § 2255 motion in any event. See In re Shelton, 295 F.3d 620

3

(6th Cir.2002).² Mr. Clark's only alternative would be the safety valve provision under § 2255 wherein a federal prisoner may challenge his conviction or the imposition of his sentence pursuant to § 2241 if the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997).

Mr. Clark does not argue that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention. Although he supports his petition by claiming that the Criminal Rule 11 standard provides greater leeway than a motion to vacate pursuant to 28 U.S.C. § 2255, he is not entitled to pursue his § 2241 petition through a Rule 11 motion. Mr. Clark's entitlement to withdraw his guilty plea pursuant to a Rule 11(d) ended when the court imposed his sentence. See FED.CRIM R. 11(e)("After the courts imposes sentence, the defendant may not withdraw a plea of guilty . . . , and the plea may be se aside only on direct appeal or collateral attack").

Moreover, the Sixth Circuit has specifically held that a prisoner cannot assert a claim

---

² In Shelton, the Sixth Circuit held that, with regard to pro se litigants in particular,

> '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.'

Shelton, 295 F.3d at 622 (citing Adams v. United States, 155 F.3d 582, 584 (2d Cir.1998)). Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

of actual innocence based on an invalid guilty plea and ineffective assistance of counsel. See Charles, 180 F.3d at 757. The unavailability of § 2255 relief does not alone establish "inadequacy or ineffectiveness" under the savings clause. The Sixth Circuit has plainly stated that "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate[.]" Charles, 180 F.3d at 756 (citations omitted). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255; Charles, 180 F.3d at 755-56; Capaldi, 135 F.3d at 1123. Clearly, "[d]efendants must assert their claims in the ordinary course of trial and direct appeal." United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000); Grant v. United States, 72 F.3d 503, 506 (6th Cir.1996). Therefore, the fact that petitioner may be procedurally barred from filing a § 2255 does not entitle him to federal habeas relief from this court.

Based on the foregoing, Mr. Clark has not met the standard required to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his sentence. United States v. Peterman, 249 F.3d 458,461 (6th Cir. 2001) (federal prisoner petitioning under the general federal habeas statute has the burden to establish that his remedy under the postconviction relief statute is inadequate or ineffective). Therefore, this petition is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice with regard to any 28 U.S.C. § 2255 motion to vacate petitioner could bring in the district court that imposed his sentence. The court certifies, pursuant to 28 U.S.C. §

5

1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                 S/Peter C. Economus - 11/21/05
                                                PETER C. ECONOMUS
                                                UNITED STATES DISTRICT JUDGE